*Pro Per*

FILED

APR 07 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Tyler M. Cox, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM R. MITCHELL, in his official capacity, and <br> UVALDE COUNTY, is a municipal corporation, and is sued in its capacity as a municipal entity, <br><br> Defendant(s) | Case No. 25-cv- **DR 25 CV 0023** <br><br> COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 AND SUPPLEMENTAL STATE LAW CLAIMS <br><br> TRIAL BY JURY DEMANDED <br><br> 7022 0410 0000 8231 8707 |

INTRODUCTION

1.      Plaintiff Tyler M. Cox, appearing Pro per, brings this action under 42 U.S.C. § 1983 against Defendants William R. "Bill" Mitchell and Uvalde County for egregious violations of his Fourth, Fifth, and Fourteenth Amendment rights, stemming from an unlawful detention, assault, property seizure, and obstruction of justice on March 27, 2025, at the Uvalde County Courthouse. These acts, under color of state law with demonstrated intent, mirror the discriminatory enforcement condemned in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), inflicting profound economic, reputational, and emotional harm on Plaintiff, warranting treble damages.

2.      This case epitomizes governmental overreach the Framers sought to thwart via the Bill of Rights and Congress redressed through § 1983. Justice Brandeis's admonition in *Olmstead v. United States*, 277 U.S. 438, 485 (1928)—"If the government becomes a lawbreaker, it breeds

Pro Per

contempt for law"—resonates here. In Uvalde County, still healing from May 2022's tragedy, Defendants' actions erode public trust, demanding this Court's scrutiny and a substantial remedy to deter such abuses.

JURISDICTION AND VENUE

- This Court has jurisdiction under a. 28 U.S.C. § 1331 (federal question for § 1983 claims). b. 28 U.S.C. § 1343(a)(3) (civil rights violations). c. 28 U.S.C. § 1367(a) (supplemental jurisdiction over Texas claims of kidnapping (Texas Penal Code § 20.03), assault (§ 22.01), and conversion (§ 31.03), arising from the same March 27, 2025, incident, sharing a common nucleus with federal claims (*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Western Dist. of Tex., U.S. v. City of San Antonio*, 2020 WL 5754478)).

- Venue is proper under 28 U.S.C. § 1391(b) at the Uvalde County Courthouse, a seat of justice in this division, where Defendants' misconduct occurred.

PARTIES

1. Plaintiff: Tyler M. Cox, a 28-year-old Texas citizen residing in Uvalde County, employed as a UPS delivery person, acting lawfully during the incident.

2. Defendant: William R. "Bill" Mitchell, County Judge, sued in his individual and official capacity, acted under color of state law with intent (Texas Const. Art. V, § 15; Texas Gov't Code § 26.001; *Monroe v. Pape*, 365 U.S. 167 (1961)).

3. Defendant: Uvalde County, a Texas political subdivision, a "person" under § 1983 (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)), liable for its customs and failure to train/supervise Mitchell.

4. Witness: Deputy Sheriff Rodriguez, an Uvalde County employee, executed Mitchell's orders on March 27, 2025, and is a potential witness to Defendants' intentional misconduct.

FACTUAL ALLEGATIONS

*Pro Per*

1. On March 23, 2025, Plaintiff, performing UPS duties, received third-floor courthouse permission to leave packages in the first-floor hallway due to elevator maintenance, a lawful arrangement.

2. On March 27, 2025, at 1:10 PM, Plaintiff entered with a loaded dolly, confirmed the arrangement with Mary Gonzales, and prepared to place packages accordingly.

3. After an employee consulted Mitchell's office, his assistant inquired about contents; Plaintiff truthfully said he didn't know, as packages were sealed.

4. Mitchell emerged, shouting: "Don't you work for UPS, not us? We are not responsible to get them boxes to the correct office," targeting Plaintiff despite his authorized presence.

5. Plaintiff calmly reiterated the third-floor approval and asked Mitchell's preference. Mitchell mumbled, then spun around, roaring: "DID YOU NOT HEAR ME?"—a public tirade humiliating Plaintiff.

6. Mitchell seized Plaintiff's dolly handle, yanking it with force, scattering packages, and yelled: "I SAID I WANT THEM OVER HERE," assaulting Plaintiff and disrupting interstate commerce (UPS).

7. Plaintiff offered to deliver upstairs to de-escalate. Mitchell demanded his name five times; Plaintiff declined, legally entitled (*Brown v. Texas*, 443 U.S. 47 (1979)).

8. As Plaintiff ascended with two packages, Mitchell ordered Deputy Rodriguez: "Place him under arrest and cuff him," without cause, evidencing intent to punish.

9. On the second floor, Rodriguez commanded Plaintiff to drop the packages—causing a crash heard throughout—handcuffed him tightly, cutting his wrists, as Plaintiff's pulse raced in fear and shame before onlookers, detained over five minutes without Miranda warnings.

10. Mitchell towered over Plaintiff, bellowing "TYLER WHAT?" in his face, exploiting his restraint to coerce his full name, which Plaintiff gave under duress.

11. Mitchell ordered the handcuffs removed and seized Plaintiff's phone without consent for nine minutes, leaving Plaintiff anxious over his private data's fate.

*Pro Per*

12. On March 28, 2025, Plaintiff requested the hallway video (Texas Gov't Code § 552.021); the Clerk replied, "Judge Mitchell alone decides if you get it," showing intent to obstruct evidence.

## JUDICIAL MISCONDUCT AND "GOOD BEHAVIOR" VIOLATIONS

13. Plaintiff Tyler M. Cox alleges that Defendant William R. Mitchell's actions on March 27, 2025, constitute "bad behavior" that flagrantly violates the "good behavior" standards expected of Texas county judges, as codified in the *Texas Code of Judicial Conduct* and reinforced by constitutional norms. Elected for a fixed four-year term under Article V, Section 15 of the Texas Constitution and Texas Government Code § 26.001, Mitchell's tenure is not directly conditioned on "good behavior" as with federal judges (U.S. Const. Art. III, § 1), but his conduct must adhere to ethical mandates enforceable by the State Commission on Judicial Conduct (Tex. Const. Art. V, § 1-a(6)(A)).

14. The *Texas Code of Judicial Conduct* demands: (1) integrity and public trust (Canon 1), breached by Mitchell's assault and obstruction; (2) compliance with law and avoidance of impropriety (Canon 2A), violated by acts contravening 18 U.S.C. § 242 (deprivation of rights under color of law), § 1519 (obstruction of justice), and § 641 (theft of property); (3) abstention from abusing judicial prestige (Canon 2B), flouted by ordering Deputy Rodriguez to unlawfully detain Plaintiff; and (4) impartiality and fairness (Canon 3B(2), (5)), discarded through intentional targeting and public humiliation without cause. Mitchell's refusal to release courthouse video (Texas Gov't Code § 552.021) further defies Canon 4A(1)'s call for conduct upholding judicial respect.

15. These acts, exceeding judicial capacity (*Mireles v. Waco*, 502 U.S. 9 (1991)), strip Mitchell of immunity and expose Uvalde County's failure to enforce these standards (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). In a county scarred by May 2022's tragedy, Mitchell's "bad behavior" erodes trust, warranting § 1983 relief and criminal referral.

## CAUSES OF ACTION

*Pro Per*

First Cause: Fourth Amendment Violation – Unreasonable Seizure and Kidnapping (All Defendants)

16. Plaintiff incorporates all prior paragraphs.

17. The Fourth Amendment prohibits unreasonable seizures (U.S. Const. amend. IV).

18. Act Under Color of Law: Mitchell and Uvalde County acted under state authority (Texas Gov't Code § 81.021).

19. Deprivation: Mitchell's order to handcuff, move Plaintiff upstairs, and detain him over five minutes without cause or Miranda warnings, with intent to coerce, violated his Fourth Amendment rights (*Terry v. Ohio*, 392 U.S. 1 (1968)) and constituted kidnapping (Texas Penal Code § 20.03; *Lugo v. State*, 923 S.W.2d 598 (Tex. Crim. App. 1995)).

Facts: Intentional restraint, movement, and coercion (*Brown v. Texas*, 443 U.S. 47 (1979); *Western Dist. of Tex., U.S. v. Ortiz*, 2019 WL 3162429).

20. 12(b)(6) Defense: Mitchell may claim immunity; Plaintiff counters: No reasonable official could justify this—clear violations defeat immunity (*Hope v. Pelzer*, 536 U.S. 730 (2002); *Mason v. State*, 905 S.W.2d 570 (Tex. Crim. App. 1995)), plausibly pled (*Iqbal*, 556 U.S. 662 (2009)).

Second Cause: Fifth Amendment Violation – Self-Incrimination (All Defendants)

- Plaintiff incorporates all prior paragraphs.
- The Fifth Amendment bars compelled self-incrimination (U.S. Const. amend. V).
- Act Under Color of Law: Mitchell acted under state authority.
- Deprivation: No Miranda warnings during custodial interrogation violated Plaintiff's rights (*Miranda v. Arizona*, 384 U.S. 436 (1966); Texas Code of Crim. Proc. § 38.22).

Facts: Handcuffed, coerced name extraction (*Berkemer v. McCarty*, 468 U.S. 420 (1984)).

- 12(b)(6) Defense: No prosecution; Plaintiff counters: Coercion triggers Miranda (*Chavez v. Martinez*, 538 U.S. 760 (2003)), plausibly pled.

Third Cause: Fourteenth Amendment Violation – Equal Protection (All Defendants)

Pro Per

21. Plaintiff incorporates all prior paragraphs.

22. The Fourteenth Amendment ensures equal protection (U.S. Const. amend. XIV, § 1).

23. Act Under Color of Law: Defendants acted under state authority.

24. Deprivation: Intentional targeting without rational basis violated Plaintiff's rights (*Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

Facts: No similar treatment of others delivering (*Western Dist. of Tex., EEOC v. Boh Bros.*, 2011 WL 3648483).

25. 12(b)(6) Defense: No class; Plaintiff counters: "Class of one" applies (*Lindquist v. City of Pasadena*, 669 F.3d 225 (5th Cir. 2012)), plausible.

Fourth Cause: Fourteenth Amendment Violation – Due Process (All Defendants)

- Plaintiff incorporates all prior paragraphs.
- The Fourteenth Amendment guarantees due process (U.S. Const. amend. XIV, § 1).
- Act Under Color of Law: Defendants acted under state authority.
- Deprivation: Arbitrary detention and phone seizure without process violated due process (*Mathews v. Eldridge*, 424 U.S. 319 (1976); *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)).

Facts: No notice or justification (*Horne v. Dep't of Agric.*, 576 U.S. 350 (2015); Texas Const. Art. I, § 19).

- 12(b)(6) Defense: Brief duration; Plaintiff counters: Shocks the conscience (*Jordan v. Fisher*, 823 F.3d 805 (5th Cir. 2016)), plausible.

Fifth Cause: Municipal Liability (Uvalde County)

26. Plaintiff incorporates all prior paragraphs.

27. Municipalities are liable for customs causing harm (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

*Pro Per*

28. Policy/Custom: Uvalde County's failure to train/supervise Mitchell on constitutional limits, with intent to shield him, enabled violations (*City of Canton v. Harris*, 489 U.S. 378 (1989)).

Facts: Rodriguez's compliance, Mitchell's video control, no oversight (*Connick v. Thompson*, 563 U.S. 51 (2011)).

29. 12(b)(6) Defense: No formal policy; Plaintiff counters: Persistent deference is custom (*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001)), plausible.

Sixth Cause: Assault (Texas Penal Code § 22.01) – Supplemental State Claim (Mitchell and Uvalde County)

- Plaintiff incorporates all prior paragraphs.
- Supplemental jurisdiction applies (28 U.S.C. § 1367(a); *Gibbs*).
- Elements: Mitchell intentionally caused offensive contact by wrenching Plaintiff's handcart (Texas Penal Code § 22.01(a)(3); *Foye v. State*, 542 S.W.3d 829 (Tex. App.—Houston [14th Dist.] 2017)).

Facts: Violent act with intent to harm (*Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967)).

- County Liability: Failure to supervise Mitchell enabled this tort (*Monell* via § 1367).
- 12(b)(6) Defense: No injury; Plaintiff counters: Offensive contact suffices (*Fisher*), plausible.

LEGAL SUPPORT

30. U.S. Constitution: Fourth, Fifth, Fourteenth Amendments.

31. Texas Constitution: Art. I, §§ 9, 19 (*Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991)).

32. Federal Statutes: 18 U.S.C. § 242 (up to 10 years if bodily injury), § 641, § 1519 (*U.S. v. Yielding*, 657 F.3d 688 (8th Cir. 2011)).

*Pro Per*

33. Texas Statutes: Texas Penal Code §§ 20.03, 22.01, 31.03; Texas Gov't Code § 552.021; Texas Code of Crim. Proc. §§ 2.13, 38.22; Texas Admin. Code § 206.51.

34. Supreme Court: *Yick Wo, Terry, Miranda, Olech, Mathews, Monell, Gibbs, Canton, Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), *Hope v. Pelzer*, 536 U.S. 730 (2002).

35. Fifth Circuit/Texas: *Hill*, 752 F.3d 1029 (5th Cir. 2014); *Monsivais*, 848 F.3d 353 (5th Cir. 2017); *Bengivenga*, 845 F.2d 593 (5th Cir. 1988); *Lindquist*, 669 F.3d 225 (5th Cir. 2012); *Jordan*, 823 F.3d 805 (5th Cir. 2016); *Piotrowski*, 237 F.3d 567 (5th Cir. 2001); *Fisher*, 424 S.W.2d 627 (Tex. 1967); *Foye*, 542 S.W.3d 829 (Tex. App. 2017); *Western Dist. of Tex., U.S. v. Ortiz*, 2019 WL 3162429; *EEOC v. Boh Bros.*, 2011 WL 3648483; *U.S. v. City of San Antonio*, 2020 WL 5754478.

RELIEF SOUGHT

- Declaratory Relief: Declare Defendants violated Plaintiff's federal and state rights with intent (28 U.S.C. § 2201).
- Injunctive Relief:

Release all video footage within 7 days, or face contempt.

Enjoin harassment/retaliation with daily fines for noncompliance.

Mandate civil rights training within 90 days (*Texas Admin. Code § 215.9*).

Appoint an independent ombudsman for courthouse oversight, reporting to this Court.

- Compensatory Damages: $3,000,000, trebled for intentional violations (analogous to 18 U.S.C. § 2520(c)(2), civil damages for willful acts; *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005)):

Economic ($50,000): Lost wages, therapy, legal costs.

Non-economic ($950,000 base, trebled to $2,850,000): Distress, reputational harm from kidnapping/assault, reflecting § 242's severity (up to 10 years if injury; U.S.S.G. § 2H1.1) (*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)).

Pro Per

- Punitive Damages: Against Mitchell individually, 3x compensatory base ($2,850,000), for willful malice (*Smith v. Wade*, 461 U.S. 30 (1983); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996)).
- Attorney Fees and Costs: Reserve right to seek fees under 42 U.S.C. § 1988 (*Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968)).

JURY DEMAND

Plaintiff demands a trial by jury (Fed. R. Civ. P. 38(b); U.S. Const. amend. VII).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Jurisdiction over this action;

b. Declaration of intentional rights violations;

c. Judgment against Defendants, jointly and severally, for $3,000,000 compensatory damages;

d. Injunctive relief as outlined;

e. Punitive damages against Mitchell;

f. Pre- and post-judgment interest;

g. Costs and fees under § 1988;

h. Plaintiff respectfully requests that this Court refer any evidence of criminal violations of federal or state law by Defendants, as established in these proceedings, to the appropriate federal and state authorities, including but not limited to the U.S. Department of Justice and the Washington State Attorney General, for investigation and potential prosecution.

i. Other just relief, including public accountability measures.

Respectfully submitted,

_____        Dated: March 28, 2025
Tyler M Cox, Pro per
UCC 1-308 Without prejudice
P O Box 63
Sabinal, TX 78881












USPS Priority Mail Flat Rate Envelope

U.S. POSTAGE PAID · PM · SEDRO-WOOLLEY WA 98284 · MAR 31, 2025 · $14.95 · S2324N503160-08

RDC 03 · 0 Lb 3.20 Oz · 78840

FROM:
Tyler Cox
PO Box 63
Sabinal TX 78881

TO:
Clerk U.S. District
Court W. Dist. of Texas
111 East Broadway Ave
Del Rio TX 78840

Certified Mail: 7022 0410 0000 8231 8707

PS00001000014 · EP14F May 2020 · OD: 12 1/2 x 9 1/2